**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| Donna Gravalin, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | **AND DENYING DEFENDANT'S MOTION** |
| vs. | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| Reliance Standard Life | ) | Case No. 3:07-cv-071 |
| Insurance, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are the Defendant's Motion for Summary Judgment filed on August 29, 2008, and the Plaintiff's Motion for Summary Judgment filed on September 2, 2008. See Docket Nos. 16 and 20. The Defendant filed a response to the Plaintiff's motion on September 26, 2008. See Docket No. 23. The Plaintiff filed a response to the Defendant's motion on September 29, 2008, and a reply brief on October 3, 2008. See Docket Nos. 25 and 26. Oral arguments on the motions were held on January 8, 2009. For the reasons set forth below, the Court denies the Defendant's motion and grants the Plaintiff's motion.

**I.   BACKGROUND**

Robert Gravalin was born on February 20, 1941. He worked for Robert Gibb & Sons in Fargo, North Dakota from 1987 to 1999, when he became totally disabled. While employed by Robert Gibb & Sons, Robert Gravalin was insured under two group life insurance policies (GL 32908 and VG 3904) issued by the defendant, Reliance Standard Life Insurance.[1] Prior to Robert Gravalin's death, coverage under both policies had been extended in accordance with the terms of

---

[1] Policy number GL 32908 insured the life of Robert Gravalin for $19,500. Policy number VG 3904 provided life insurance in the amount of $20,000.

a waiver of premium provision because Gravalin had become totally disabled in 1999.  Robert Gravalin named his wife, Donna Gravalin, as the beneficiary of the policies.  The group life insurance policies contain two provisions that are pertinent to this action.

Each group life insurance policy contains a "Waiver of Premium in the Event of Total Disability" provision that allows an insured to extend insurance coverage during a period of total disability.  See Docket No. 18-2, pp. 23, 49.  The waiver provision for policy VG 3904 provides in relevant part:

> [Reliance Standard Life Insurance] will extend the Amount of Insurance during a period of Total Disability for 1 year if:
>
> (1) the employee becomes Totally Disabled prior to age 60;
>
> (2) the Total Disability lasts for at least 6 months in a row;
>
> (3) [Reliance] receive[s] proof of Total Disability within 1 year from the date it began; and
>
> (4) the premium continues to be paid during the 6 month period.
>
> . . .
>
> The insurance extended will cease on the earliest of:
>
> (1) the date the employee is no longer Totally Disabled;
>
> (2) the date the employee refuses to be examined;
>
> (3) the date the employee fails to furnish the required proof of Total Disability;
>
> (4) the date the employee attains age 70; or
>
> (5) the Date The Employee Retires.
>
> "The Date The Employee Retires" means the effective date of an employee's:

2

  (1) retirement pension benefits under any plan of a federal, state, county or municipal retirement system, if such pension benefits include any credit for employment with the Participating Unit;

  (2) retirement pension benefits under any plan which the Participating Unit sponsors or makes or has made contributions; or

  (3) <u>retirement benefits under the United States Social Security Act of 1935, as amended, or under any similar plan or act</u>.

See Docket No. 18-2, p. 49 (emphasis added). Each life insurance policy also contains a "conversion privilege" provision that allows an insured to convert his group life insurance policies to individual policies within thirty-one (31) days after the group policies cease due to the satisfaction of any of the five events set forth above. See Docket No. 18-2, pp. 19, 41. The conversion provision of VG 3904 addresses what happens to the privilege if the insured dies:

> If the Insured dies during the time in which he is entitled to apply for an individual policy, [Reliance Standard Life Insurance] will pay the benefit to which he was entitled under this Policy. This will be done whether or not the Insured applied for the individual policy.

See Docket No. 18-2, p. 41. Policy GL 32908 contains nearly identical language in its waiver of premium provision and the conversion provision. See Docket No. 18-2, pp. 14, 19, 23.

  It is undisputed and the parties agree that, for Social Security purposes, "normal" or "full" retirement age for an individual born in 1941 is 65 years and 8 months. See Docket No. 18-3, p. 24; 20 C.F.R. § 404.409. Robert Gravalin was born in 1941 and reached 65 years and 8 months on October 20, 2006.

  Robert Gravalin passed away on November 5, 2006. On November 13, 2006, David Gravalin (Robert Gravalin's son) notified Reliance Standard Life Insurance (Reliance) that his father had died and requested that the life insurance benefits be paid to Donna Gravalin. Reliance denied

the request and Donna Gravalin appealed the denial of coverage. Thereafter, Reliance denied the appeal.

On August 8, 2007, after removal from state court, Donna Gravalin filed a complaint in federal court for the wrongful denial of benefits under the Employment Retirement Income Security Act (ERISA). Because of Robert Gravalin's total disability, his group life insurance policies remained in effect after his employment had ended at Robert Gibb & Sons in accordance with the waiver of premium provision of the policies. The parties agree that, pursuant to the waiver provision, Gravalin's group life insurance policies ceased on the date he retired, and that the date he retired is based on the effective date of his Social Security retirement benefits. Donna Gravalin's entitlement to the life insurance proceeds depends on the precise date on which Robert Gravalin's group life insurance ceased and his retirement benefits took effect, namely, whether that date is October 1, 2006, or October 20, 2006, or some other date. A determination of the effective date of Gravalin's retirement benefits is critical because it establishes the period of time in which Robert Gravalin had to convert his group life insurance policies to individual policies.

Donna Gravalin argues that the effective date of Robert Gravalin's retirement benefits was October 20, 2006, which, for Social Security purposes, is the full retirement age for an individual born on February 20, 1941. Gravalin contends this was the precise date on which the time to convert the policies began. To support her contention, Donna Gravalin cites 20 C.F.R. § 404.409, which states: "Full retirement age is the age at which you may receive unreduced old-age . . . benefits." Donna Gravalin contends that because Robert Gravalin died on November 5, 2006, he died within the thirty-one day conversion period which commenced on October 20, 2006, and, pursuant to the

conversion provision of the policies, Reliance is required to pay the life insurance benefits under the group policies that Robert Gravalin was entitled to convert.

Reliance argues that under the Social Security Act, an individual's retirement benefits actually start on the first of the month in which the individual reaches "normal" or "full" retirement age, which in this case was 65 years and 8 months. As a result, Reliance asserts that the effective date of Gravalin's retirement benefits was October 1, 2006, rather than October 20, 2006. Reliance argues that before Robert Gravalin died on November 5, 2006, he had not converted the group life insurance policies within the thirty-one day conversion period that commenced on October 1, 2006. Consequently, Donna Gravalin is not entitled to the life insurance benefits. Reliance acknowledges that if it is determined that Robert Gravalin died within the thirty-one day conversion period, the conversion of the group policies to individual policies would have been automatic and Donna Gravalin would be entitled to the benefits.

**II.     STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party first has the burden of demonstrating an absence of genuine issues of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.   LEGAL DISCUSSION

The Employment Retirement Income Security Act (ERISA) allows a participant in an ERISA-regulated plan or the beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The parties agree that Robert Gravalin's group life insurance policies were ERISA-regulated plans. Donna Gravalin, Robert Gravalin's beneficiary, brought this ERISA action to recover benefits from her husband's group life insurance policies.

It is well-established that "[t]he district court's review of plan determinations is *de novo*, unless the plan grants discretionary authority to the plan administrator 'to determine eligibility for benefits or to construe the terms of the plan.'" Johnson v. U.S. Bancorp Broad-Based Change in Control Severance Pay Program, 424 F.3d 734, 738 (8th Cir. 2005) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)) (emphasis added). The following language is present in Reliance's policies:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

See Docket No. 18-2, p. 24. It is clear and undisputed that the plan administrator for Robert Gravalin's policies was given discretion to determine eligibility for benefits and to construe the terms of the policies.

"'Where a plan gives the administrator discretionary authority to determine eligibility for benefits,' the administrator's decision is reviewed using an abuse of discretion standard." Morgan v. Contractors, Laborers, Teamsters and Engineers Pension Plan, 287 F.3d 716, 722 (8th Cir. 2002) (quoting Firestone Tire & Rubber Co., 489 U.S. at 115). Under the abuse of discretion standard of review, the plan administrator's decision is only reversed if it is arbitrary and capricious. Jackson v. Prudential Ins. Co. of Am., 530 F.3d 696, 701 (8th Cir. 2008). "'When a plan administrator offers a reasonable explanation for its decision, supported by substantial evidence, it should not be disturbed.'" Jackson, 530 F.3d at 701 (quoting Ratliff v. Jefferson Pilot Fin. Ins. Co., 489 F.3d 343, 348 (8th Cir. 2007)). A plan administrator's discretionary decision is not unreasonable just because a different, reasonable interpretation could have been made. Jackson, 530 F.3d at 701.

However, when a denial of benefits is based on an interpretation of a statute or regulation, the standard of review is de novo regardless of the discretionary authority given to the plan administrator. Clarke v. Ford Motor Co., 343 F. Supp. 2d 714, 717 (E.D. Wis. 2004) (citing Stang v. Clifton Gunderson Health Care Plan, 71 F. Supp. 2d 926, 932 (W.D. Wis. 1999)); see Penn v. Howe-Baker Engineers, Inc., 898 F.2d 1096, 1100 (5th Cir. 1990) (stating that the court does not give the deference of an abuse of discretion standard of review to conclusions made as to statutory

interpretation); see also Hogan v. Raytheon, Co., 302 F.3d 854, 856 (8th Cir. 2002) (finding that the plan administrator did not interpret the plan's terms but interpreted the meaning of a separate document and, therefore, de novo review was appropriate).

When reviewing an ERISA plan de novo, the Court begins by examining the language of the plan documents. See Bond v. Cerner Corp., 309 F.3d 1064, 1067 (8th Cir. 2002). In doing so, the Court must "interpret the terms of the plan by 'giving the language its common and ordinary meaning as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words to mean.'" Adams v. Continental Cas. Co., 364 F.3d 952, 954 (8th Cir. 2004) (quoting Hughes v. 3M Retiree Med. Plan, 281 F.3d 786, 789-90 (8th Cir. 2002) (citing Chiles v. Ceridian Corp., 95 F.3d 1505, 1511 (10th Cir. 1996))). Each provision should be read consistently with the others and as part of an integrated whole. Bond v. Cerner Corp., 309 F.3d 1064, 1067-68 (8th Cir. 2002) (quoting DeGeare v. Alpha Portland Indus., 837 F.2d 812, 816 (8th Cir. 1988)). If the plan is deemed to be ambiguous, then extrinsic evidence may be considered. Bond, at 1068. As a last resort, the Court is instructed to resolve all ambiguities against the drafter. Id. at 1067-68.

The parties essentially conceded at oral argument that the dispute in this case hinges on an interpretation of regulations, namely 20 C.F.R. § 404.311 and 20 C.F.R. § 404.409. As such, the appropriate standard of review is de novo.

### A. THE EFFECTIVE DATE OF SOCIAL SECURITY RETIREMENT BENEFITS

The critical issue is the effective date of Robert Gravalin's Social Security retirement benefits. Reliance, in denying Donna Gravalin's request to receive life insurance benefits,

concluded that Robert Gravalin's Social Security retirement benefits took effect on the first day of the month in which he reached 65 years and 8 months, which was October 1, 2006. Reliance notes that it sent numerous letters to Robert Gravalin informing him that Social Security retirement benefits start on the first of the month in which an individual reaches normal retirement age. See Docket Nos. 18-4, pp. 8, 12, 18; 18-11, pp. 23, 33.

Reliance contends that the "question of when entitlement to old age benefits begins is answered by 20 C.F.R. § 404.311." See Docket No. 23. 20 C.F.R. § 404.311(a)(1) states that an individual is entitled to retirement benefits beginning with, "[i]f you have attained full retirement age (as defined in § 404.409), the first month covered by your application in which you meet all requirements for entitlement." It is clear that Reliance is interpreting 20 C.F.R. § 404.311, a federal regulation, in determining that Robert Gravalin's life insurance benefits should be denied. Therefore, because Reliance is interpreting a document separate from the policies, namely, 20 C.F.R. § 404.311, a de novo review of Reliance's decision to deny benefits is appropriate.

Applying a de novo standard of review, the Court concludes, as a matter of law, that Reliance's determination that the effective date of Robert Gravalin's retirement benefits was October 1, 2006, is contrary to what a reasonable plan participant would understand the policies to mean. The fact that Reliance sent letters to the Gravalins explaining when his Social Security benefits were to begin is of no consequence because a de novo review requires a determination of how a reasonable plan participant, not the actual plan participant, would understand the policies. The Court has carefully reviewed all of the briefs, exhibits, and relevant policy provisions at issue,

and concludes that Reliance's decision to deny benefits is contrary to the understanding of the ordinary lay person or the understanding of an "average plan participant."[2]

It is undisputed that the group life insurance policies fail to define the effective date of an insured's retirement benefits under the Social Security Act. The critical language of the policies as to the effective date of retirement is poorly drafted, vague, unclear, and confusing at best. In short, the policies provide no guidance to a plan participant to determine the effective date of retirement benefits. No reasonable person could review the group life insurance policies and readily determine whether the start date of Robert Gravalin's retirement benefits was October 1, 2006, or October 20, 2006, or some other date. A reasonable plan participant would likely understand the plan to mean that the date the employee retires would be the effective date of the retirement benefits. In this case, that date was October 20, 2006.

The Court finds that a reasonable plan participant would not understand the policies to mean that the effective date of retirement benefits occurs <u>before</u> the participant's retirement age is even reached. The Court finds, as a matter of law, that pursuant to a de novo review of the group life insurance policies, the effective date of Robert Gravalin's Social Security retirement benefits was October 20, 2006. Further, this Court would reach the very same conclusion even if the appropriate standard of review were an abuse of discretion standard. The Court finds that the decision of Reliance, and its interpretation of the policies at issue, is also arbitrary and capricious.

Even if, because of uncertainty caused by the poorly drafted policies, the Gravalins had consulted federal statues or regulations to determine the effective date of the retirement benefits,

---

[2] ERISA plan descriptions must be written in a manner to be understood by the "average plan participant." 29 U.S.C. § 1022(a)(1). The terms of an ERISA plan must be given their ordinary meaning and not a specialized meaning. <u>Cash v. Wal-Mart Group Health Plan</u>, 107 F.3d 637, 643 (8th Cir. 1997); <u>Brewer v. Lincoln Nat'l Life Ins. Co.</u>, 921 F.2d 150, 154 (8th Cir. 1990).

they would not have had any better understanding of the retirement benefits effective date. Reliance cites to 20 C.F.R. § 404.311 to support its position that October 1, 2006, was clearly the effective date. However, Reliance fails to provide any case law or other support for this interpretation of the regulation. If Reliance is unable to find any support for its interpretation of 20 C.F.R. § 404.311, how could a reasonable plan participant be expected to determine that the regulation establishes October 1, 2006, as the effective date? The language of 20 C.F.R. § 404.311 does not clearly establish the first of the month in which a person reaches full retirement age as the effective date of retirement benefits. The language of the regulation could just as easily be read to designate, in this case, November 1, 2006, as the effective date. Further, if a reasonable or average plan participant were to read 20 C.F.R. § 404.409, that person would likely understand the federal regulation to mean that retirement benefits begin at full retirement age which for Robert Gravalin was 65 years and 8 months, and that date would be October 20, 2006. In this case, extrinsic evidence is of little assistance. Therefore, it is best to refrain from relying on extrinsic evidence and instead focus on the language of the life insurance policies and how a reasonable plan participant would understand the policies.

**B.    THE EFFECT OF ROBERT GRAVALIN'S DEATH ON CONVERSION**

It is undisputed, and the parties agree, that Donna Gravalin is entitled to the life insurance benefits if Robert Gravalin died within the conversion period. As established above, the effective date of Robert Gravalin's Social Security retirement benefits was October 20, 2006. Therefore, the thirty-one day time period to convert the group life insurance policies to individual policies commenced on October 20, 2006. Robert Gravalin had thirty-one (31) days from October 20, 2006,

to submit a written application for the conversion of the policies. Gravalin died on November 5, 2006, which was within the time period he had to convert the policies. The Court finds, as a matter of law, that because Robert Gravalin died during the conversion period, Reliance is required to pay the life insurance benefits to which he was entitled even though he had not applied for a conversion of the policies.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Plaintiff's motion for summary judgment (Docket No. 20) and **DENIES** the Defendant's motion for summary judgment (Docket No. 16).

**IT IS SO ORDERED.**

Dated this 13th day of January, 2009.

>*/s/  Daniel L. Hovland*
>Daniel L. Hovland, Chief Judge
>United States District Court